## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JEROME R. WILSON,                                    Case No. 1:18-cv-436

               Plaintiff,                              Barrett, J.

     v.                                             Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.


### REPORT AND RECOMMENDATION

On June 26, 2018, Plaintiff filed a *pro se* complaint seeking to appeal a decision of the Commissioner of Social Security under the Social Security Act. On October 16, 2018, the undersigned filed an Order that reminded Plaintiff of his obligation to comply with Local Rules of Civil Procedure, including filing deadlines applicable to this social security case. In its Order, the Court clearly and unambiguously directed Plaintiff to file a "Statement of Errors" that sets forth the reasons or bases upon which the plaintiff seeks reversal or remand of the denial of social security benefits. (Doc. 10 at 2, citing Local Rule 8.1(a)). Plaintiff was directed to file his Statement of Errors "on or before **November 29, 2018**." (*Id.*, emphasis original).

Plaintiff failed to file his Statement of Errors as required by Local Rule 8.1(a), and failed to comply with the clear Order of this Court directing him to do so on or before November 29, 2018. Plaintiff previously was cautioned that a failure to timely file his Statement of Errors "may lead to a recommended dismissal…for failure to prosecute." (Doc. 10 at 2). Nevertheless, Plaintiff failed to timely file his Statement of Errors as directed.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any

case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...."  Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations.  *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

On January 28, 2019, this Court filed an Order to Show Cause, providing Plaintiff with one final opportunity to file his long-overdue Statement of Errors. (Doc. 11).  The Order directed Plaintiff to "**SHOW CAUSE**, in writing why his appeal should not be **dismissed** for lack of prosecution" on or before February 20, 2019. (*Id.* at ¶1, emphasis original).   The same Order specifically warned Plaintiff that his "failure to timely comply with this Order will result in the filing of a Report and Recommendation that this case should be dismissed based upon a failure to prosecute." (*Id.* at ¶2, emphasis original).

Once again, Plaintiff has failed to comply with the Court's Order.  Plaintiff has now failed to comply with two Orders of this Court directing him to file his Statement of Errors in addition to failing to comply with Rule 8.1 of the Local Rules of Civil Procedure.   The Court's most recent order warned Plaintiff that his continued failure to comply would result in dismissal of his case.

Accordingly, **IT IS NOW RECOMMENDED THAT** this case be **DISMISSED** with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon Plaintiff's failure to prosecute.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JEROME R. WILSON,                                         Case No. 1:18-cv-436

        Plaintiff,                                         Barrett, J.
    v.                                                        Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).