**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jerome R. Wilson,

       Plaintiff,

vs.

Case Number: 1:18-cv-00436

Judge Michael R. Barrett

Andrew Saul,[1]
Commissioner of
Social Security,

       Defendant.

## **ORDER**

This matter is before the Court on the Magistrate Judge's February 26, 2019 Report and Recommendation ("R&R") recommending that the case be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure in light of Plaintiff's failure to prosecute. (Doc. 12).

When objections are received to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1).

The parties received proper notice pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that they would waive further appeal if they failed to file objections to the R&R in a

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019 and, consequently, is automatically substituted as a party in this matter. *See* FED. R. CIV. P. 25(d); *see also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

timely manner, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), and objections were due by March 12, 2019. Plaintiff submitting a filing on March 11, 2019, which appears to be addressed to both the Court and Defendant. The Court will construe his March 11, 2019 filing as an objection to the February 26, 2019 R&R. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that the objections of a petitioner appearing pro se will be construed liberally).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections. In short, Plaintiff has failed to comply with two Court Orders directing him to file his Statement of Errors pursuant to Local Civil Rule 8.1(b). (Docs. 10, 11); *see* Ohio Civ. R. P. 8.1(b) ("Within forty-five days after service of the administrative record, the plaintiff must file and serve a statement of errors setting forth the bases upon which the plaintiff seeks reversal or remand."). In his objection, he alleges that he does not understand what he needs to submit, he was told in December 2018 that he did not have to do anything, and that his medical condition has worsened since 2010. (Doc. 13). He requests that, if the Court or Defendant need any more information, to please let him know. (*Id.*).

A review of the record in this matter confirms that the Court gave Plaintiff more than one opportunity, and more than 128 days, to file his Statement of Errors and he did not file it. (Docs. 8, 10, 11). Although Plaintiff asserts that he does not understand what he must file and that he was told that he did not have to do anything, the record plainly contradicts his assertions; the Court made clear that he was required to file his Statement of Errors before November 29, 2018. (Doc. 10, 11). Moreover, Plaintiff has not filed a

change of address notification with the Court, and the address on the envelope that contained his objections matches his address listed on the docket, so the Court is not convinced that Plaintiff did not receive the prior Orders. Although sympathetic that Plaintiff is proceeding pro se in this matter, the Court cannot excuse his failure to respond to two Court Orders or to file his Statement of Errors. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

Based on the foregoing, the Court **ADOPTS** the February 26, 2019 R&R (Doc. 12) and it is hereby **ORDERED** that and this case is **DISMISSED** with prejudice and this matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court